# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 26, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

139101

JAMES PLAGGEMEYER and RUTH
PLAGGEMEYER,
        Plaintiffs-Appellants,

v

THOMAS LEE, SUSAN LEE, and RYAN
E. LEE,
        Defendants-Appellees.

SC: 139101
COA: 284016
Muskegon CC: 07-045215-NI

_____/

By order of October 26, 2009, the application for leave to appeal the May 12, 2009 judgment of the Court of Appeals was held in abeyance pending the decision in *McCormick v Carrier* (Docket No. 136738). On order of the Court, the case having been decided on July 31, 2010, 487 Mich ___ (2010), the application is again considered. Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE in part the judgments of the Court of Appeals and the Muskegon Circuit Court and REMAND this case to the Muskegon Circuit Court for reconsideration of the defendants' motion for summary disposition regarding whether plaintiff James Plaggemeyer sustained a serious impairment of body function in light of *McCormick*. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

We do not retain jurisdiction.

CORRIGAN, J. (*concurring*).

I concur in the order remanding for reconsideration under *McCormick v Carrier,* 487 Mich ___ (2010), because the majority opinion in *McCormick* altered the criteria for determining whether an injured plaintiff meets the serious impairment threshold in MCL 500.3135(7). But I reiterate my disagreement with the *McCormick* majority's analysis for the reasons expressed in Justice MARKMAN's dissent in that case, which I joined. I continue to conclude that the *McCormick* majority misinterpreted MCL 500.3135(7), thus

encouraging litigation that is expressly prohibited by the motor vehicle no-fault insurance act and upsetting the Legislature's clear intent to provide Michigan citizens with timely, automatic benefits for injuries sustained in auto accidents while avoiding costly, unnecessary litigation.

YOUNG, J. (*concurring*).

Although I recognize that this Court's decision in *McCormick v Carrier*, 487 Mich ___ (2010), now controls when a person may recover in tort for non-economic loss under the no-fault act, I continue to adhere to the position stated in Justice MARKMAN'S dissenting opinion in that case, which I joined.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 26, 2010

_____
Clerk